UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHELIA D SPENSER and WILLIAM E SPENSER,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>DEUTSCHE BANK, NATIONAL TRUST COMPANY, as Trustee for FFMLT, Trust 2005FF2, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C11-5599BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Northwest Trustee Services, Inc.'s ("Northwest") motion to dismiss (Dkt. 6). The Court has reviewed the briefs filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On August 4, 2011, Plaintiffs Shelia and William Spenser ("the Spensers") filed a complaint against Defendants Deutsche Bank, National Trust Company as Trustee for FFMLT, Trust 2005FF2; Bank of America, NA; Wells Fargo, NA; Northwest; and Fairbanks Capital Select Portfolio. Dkt. 1. The Spensers' request for relief is as follows:

> We want to stay the foreclosure until we can find out who is the real holder of the original note and deed of trust. The lender holding the original note and deed of trust produce the originals with wet ink signatures for our inspection.

*Id*. at 4.

ORDER - 1

On August 18, 2011, Northwest filed a motion to dismiss. Dkt. 6. The Spensers did not respond.

## II. FACTUAL BACKGROUND

On or about November 11, 2004, in consideration for a mortgage loan, William Spenser executed a promissory note (the "Note") in the amount of $152,000.00, payable to First Franklin Financial Corporation ("First Franklin"), and a Deed of Trust in favor of First Franklin. *See* Dkt. 6 at 10-29 ("Deed of Trust"). The Deed of Trust names First American as the Trustee, and grants the Trustee the power of sale in the event of default. *Id*. The Deed of Trust was recorded on November 17, 2004 under Pierce County Auditor's No. 200411170934, and encumbers a piece of real property located in Pierce County, commonly known as 1503 South 11th Street, Tacoma, Washington 98405 (the "Property"). *Id*.

On or about September 2, 2008, First Franklin executed an Assignment of the Deed of Trust ("Assignment") whereby all beneficial interest in the Deed of Trust was transferred to Defendant Deutsche Bank National Trust Company, as Trustee for FFMLT Trust 2005FF2, Mortgage Pass-Through Certificates, Series 2005-FF2 ("Deutsche Bank"). *See* Dkt. 6 at 30-31. The Assignment was recorded under King County Auditor's No. 201010060273. *Id*.

On or about October 9, 2008, as a result of the Spensers' default on payments due under the Note secured by the Deed of Trust, the Spensers were sent a Notice of Default. *See* Dkt. 6 at 32-34.

On October 24, 2008, Deutsche Bank recorded an Appointment of Successor Trustee naming Northwest as Successor Trustee and vesting Northwest with the powers of the original trustee. *See* Dkt. 6 at 35; *see also* RCW 61.24.010(2). The Appointment of Successor Trustee was recorded under Pierce County Auditor's No. 200810240549. *Id*.

ORDER - 2

1    On or about March 15. 2011, Deutsche Bank, through its agent BAC Home Loans
2 Servicing, LP, executed a beneficiary declaration stating that

> Deutsche Bank National Trust Company. as Trustee for the Holders of The First Franklin Mortgage Loan Trust 2005FF2, Mortgage Pass-Through Certificates, Series 2005-FF2 is the beneficiary (as defined by RCW 61.24.005(2)) and actual holder of the promissory note or other obligation secured by the deed of trust or has the requisite authority under the RCW 62A.3-301 to enforce said obligation for the above mentioned loan account.

*See* Dkt. 6 at 36.

On April 29, 2011, Northwest recorded a Notice of Trustee's Sale concerning the Property under Pierce County Auditor's No. 201104290278. *Id*. at 37-40. The Notice of Trustee's Sale references the parties to, and recording information of, the Deed of Trust, and set a sale date of August 5, 2011. *Id*.

On August 5, 2011, the Trustee's Sale was postponed to September 30, 2011. *Id*. at 41-42.

### III.  DISCUSSION

As a threshold matter, failure to respond to a motion may be considered by the Court as an admission that the motion has merit. Local Rule CR 7(b)(2). The Spensers did not respond to Northwest's motion and the Court considers this failure as an admission that Northwest's motion has merit.

With regard to the motion, a Rule 12(b)(6) motion may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause

of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

In this case, the Court has read the Spensers complaint liberally and concludes that they are asserting causes of action for a wrongful foreclosure and for failure to produce the original note. First, there is no cause of action for "wrongful foreclosure" when no foreclosure has in fact occurred. *See, e.g., Vawter v. Quality Loan Svc. Corp. of Wa.*, 707 F. Supp. 2d 1115, 1123-24 (W.D. Wash. 2010); *Engel v. First Am. Tit. Ins. Co.*, 2010 WL 3819372 (W.D. Wash.). A foreclosure of the Property has not occurred yet. Therefore, the Court grants Northwest's motion and the Spensers' claim for wrongful foreclosure is dismissed.

Second, courts "have routinely held that [a defendant's] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash. 2010) *(quoting Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).[1] The Spensers' request that the foreclosure proceeding be halted until they are presented with the original note is a meritless "show me the note" argument. Therefore, the Court grants Northwest's motion to dismiss the Spensers' original note cause of action.

Finally, claims that are not based on a proper legal theory should be dismissed without leave to amend. *Keniston*, 717 F.2d at 1300. Neither of the Spensers' claims against Northwest are based on a proper legal theory. Therefore, the Court will not afford the Spensers an opportunity to amend their complaint.

---

[1] The Court's ruling in *Freeston*, 2010 WL 1186276, was affirmed in a Ninth Circuit memorandum opinion (Case No. 09-5560BHS, Dkts. 91, 93).

ORDER - 4

## IV. ORDER

Therefore, it is hereby **ORDERED** that Northwest's motion to dismiss (Dkt. 6) is **GRANTED**.

DATED this 30th day of September, 2011.

                                       */s/ Benjamin H. Settle*
                                       BENJAMIN H. SETTLE
                                       United States District Judge